UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHERYL SUTTON,                                              Case No. 07-14009

          Plaintiff,                              DISTRICT JUDGE
                                                           ARTHUR J. TARNOW
v.

COMMISSIONER OF SOCIAL                                     MAGISTRATE JUDGE
SECURITY,                                                  STEVEN D. PEPE

          Defendant.
_____/

### ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [19], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [12], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [17]

On September 24, 2007, Plaintiff filed suit seeking judicial review of the Commissioner's decision disallowing her claims for Social Security and Disability Insurance benefits. Pursuant to Local Rule 72.1(b)(3), "all cases seeking review of a denial of social security benefits [are] assigned both to a district judge and a magistrate judge."

On January 22, 2009, the Magistrate Judge issued a Report and Recommendation [19] recommending that the Court grant Defendant's Motion for Summary Judgment [17] and deny Plaintiff's Motion for Summary Judgment [12]. Plaintiff has filed Objections [20] to the Report and Recommendation, and Defendant has filed a Response [21]. Those filings are now before the Court.

## I. STANDARD OF REVIEW

Judicial review of facts found by the Administrative Law Judge ("ALJ") is limited to an evaluation of whether those findings are supported by substantial evidence and whether the proper legal standards were applied. *See Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). The Court must examine the administrative record as a whole. *See Cutlip v. Sec'y of Health &*

*Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994).  However, the Court does not review the evidence *de novo*, make credibility determinations, or weigh the evidence.  *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).  The Court must affirm an ALJ's decision if the findings and inferences reasonably drawn from the record are supported by substantial evidence, even if the record could support a different conclusion.  *See Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001).

Under 28 U.S.C. § 636(b)(1), a magistrate judge's orders shall not be disturbed unless "found to be clearly erroneous or contrary to law."  *Curtis*, 237 F.3d at 603. The "clearly erroneous" standard mandates that the Court affirm the Magistrate's decision unless, after reviewing the entirety of the  evidence, the Court "is left with the definite and firm conviction that a mistake has been committed."  *Sandles v. U.S. Marshal's Service*, 2007 WL 4374077, 1 (E.D. Mich. 2007) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)).  The test is:

> not whether the finding is the best or only conclusion that can be drawn from the evidence, or whether it is the one which the reviewing court would draw.  Rather the test is whether there is evidence in the record to support the lower court's finding, and whether its construction of that evidence is a reasonable one.

*Heights Community Congress v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir.1985).

This Court reviews *de novo* any objections to a Magistrate's Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1).  Plaintiff has filed Objections, and her assignments of error are considered below.

## II. PLAINTIFF'S OBJECTIONS [20]

(A) OBJECTIONS #1 AND #6

First, Plaintiff objects that it is "inconsistent with due process to allow the ALJ to selectively determine what parts of the vocational expert's (VE) testimony are to be considered and those which are not."  *See* Pl.'s Obj. at 2.  Specifically, Plaintiff objects that the hypothetical posed by the ALJ to the VE did not properly take into account the claimant's non-exertional

limitations.  *See id.*  In Objection #6, Plaintiff reiterates her objection to the sufficiency of the

hypothetical insofar as it addressed Plaintiff's mental limitations.  *See id.* at 6-7.

Sixth Circuit case law has upheld disability determinations in which an ALJ has

"translated [the plaintiff]'s condition into . . . concrete restrictions . . . and duly incorporated

them into his hypothetical to the vocational expert."  *See Smith v. Halter*, 307 F.3d 377, 379 (6th

Cir. 2001).  Furthermore, this court has previously noted that:

> [an] ALJ's findings, including those summarized on a [psychiatric evaluation],
> must be harmonized and incorporated into the hypothetical questioning of the
> [vocational expert]. Yet, a particular assessment on a [psychiatric evaluation]
> does not mandate a rigid checklist of restrictions that must be included in this
> questioning. Rather, a case-by-case determination is required, under which the
> ALJ must translate the broad [psychiatric evaluation] classifications into a set of
> specific limitations that are properly rooted in the administrative record.

*Bohn-Morton v. Commissioner of Social Security*, 389 F.Supp.2d 804, 807 (E.D. Mich. 2005).

The *Bohn-Morton* court cited the "longstanding principle . . . that an ALJ's hypothetical

questioning must 'accurately set[ ] forth the plaintiff's physical and mental impairments.'" *Id.* at

807 (internal citations omitted).

Here, the Magistrate specifically reviewed the mental health evidence on the record from

which the ALJ could reasonably have concluded that Plaintiff's documented mental impairments

did not render her incapable of performing unskilled work.  *See* Report at 12.  Although the ALJ

did not integrate the terminology of "depression" into the hypothetical, Plaintiff acknowledges

that the "hypothetical provided for moderate limitations in maintaining concentration and

carrying out detailed instructions limiting claimant to simple, repetitive unskilled work." *See*

Pl.'s Obj. at 2.  In keeping with Sixth Circuit case law, the ALJ's hypothetical took into account

not only Plaintiff's physical limitations, but her mental limitations, as well.

(B) OBJECTION #2

Plaintiff further objects that "reversal is required where the Commissioner fails to follow its own regulations," and suggests that the ALJ did not provide appropriate documentation of the statutorily-defined process by which Plaintiff's mental impairments were evaluated.

Plaintiff's objection states only that "[t]he ALJ's decision reveals that [the] process was not followed." Without further explanation, this conclusory statement does not demonstrate that the Magistrate's affirmation of the ALJ's findings regarding to Plaintiff's mental health was "clearly erroneous or contrary to law" as required for reversal. *See* Fed. R. Civ. P. 72(a).

(C) OBJECTION #3

Plaintiff further objects to the Magistrate's statement that Plaintiff bears the burden of proof in demonstrating Plaintiff's inability to perform her past relevant work. Plaintiff suggests that the Magistrate misunderstood Plaintiff's argument that the ALJ failed to develop the record on the issue of Plaintiff's mental limitations.

To the contrary, the Magistrate's report includes a specific notation that "[t]he ALJ questioned Plaintiff about her past work and asked for the necessary descriptions" of Plaintiff's limitations. Thus, the Magistrate's review included consideration of the ALJ's development of the record on the issue of Plaintiff's ability to perform in accordance with the mental demands of her past work.

(D)  OBJECTION #4

Plaintiff further objects that, because special accommodations were made for Plaintiff in her previous janitorial job, that work cannot now be considered "substantial gainful activity." Citing her friendly relationship with her boss in that job, the assistance rendered to Plaintiff by a fellow employee, and the generous hourly pay Plaintiff received for her work, Plaintiff argues that those arrangements preclude a finding that she was gainfully employed.

This argument does not negate the simultaneous existence of substantial record evidence to support the ALJ's decision and the Magistrate's concurrence that Plaintiff could reasonably be assumed to have "provid[ed] services justifying the income [she] earned." The Court must affirm an ALJ's decision if the findings and inferences reasonably drawn from the record are supported by substantial evidence, even if the record could support a different conclusion. *See Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Reviewing under that standard, the Court

must deny Plaintiff's objection on this issue.

       (E)  OBJECTION #5

       Plaintiff further objects to the ALJ's credibility findings, but declines to explain "[t]he ALJ's incorrect assessment of the factual evidence regarding Plaintiff's credibility" because Plaintiff has presented the issue in a prior brief.

       Presumably, that prior brief was the brief in support of Plaintiff's Motion for Summary Judgment, which was filed before the Magistrate.  Without further explanation from Plaintiff as to how the Magistrate's review constituted clear error or was contrary to law, the Court will not disturb either the ALJ's credibility determinations or the Magistrate's review of those findings. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (the reviewing Court does not make credibility determinations or weigh the evidence).

       (F)  OBJECTION #7

       Plaintiff further objects to the Magistrate's affirmation of the ALJ's ostensible reliance on an unsigned medical report.  Plaintiff argues that the ALJ impermissibly relied on the unsigned report, and suggests that any reliance at all must lead to reversal.  Plaintiff does not direct the Court to record material that demonstrates the ALJ's reliance on the unsigned report.

       The Magistrate noted in the report that "there exists ample evidence in the record to confirm the findings from this medical report."  Again, applying a deferential standard of review under which  the ALJ's and the Magistrate's findings must be affirmed if they are "supported by substantial evidence, even if the record could support a different conclusion," the Court must deny Plaintiff's objection on this point.  *See Buxton*, 246 F.3d at 772 (6th Cir. 2001).

       (G)  OBJECTION #8

       Finally, Plaintiff offers boilerplate language which ultimately seeks to preserve "any other issues in support of her objections to the Magistrate's Report and Recommendation."

       This objection falls short of the specificity requirement of Fed. R. Civ. P. 72(b)(2).

### III.  CONCLUSION

The Court has reviewed the administrative record and the parties' pleadings in this case, and being fully advised in the premises,

**IT IS ORDERED** that the Report and Recommendation [19] of the Magistrate Judge is hereby **ADOPTED** and is entered as the findings and conclusions of the Court.  Plaintiff's Objections [20] are **DENIED**.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Summary Judgment [12] is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [17] is **GRANTED**, and the case is **DISMISSED**.

**SO ORDERED.**

S/ARTHUR J. TARNOW
Arthur J. Tarnow
United States District Judge

Dated:  March 31, 2009

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 31, 2009, by electronic and/or ordinary mail.

S/FELICIA M. MOSES
Case Manager